UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-1047-G |
| CASITA ENTERPRISES, INC., ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the following motions:  (1) for summary judgment filed by
defendant Dexter Axle Company ("Dexter"); (2) for summary judgment filed by
defendant Casita Enterprises, Inc. ("Casita"); (3) for determination of applicable state
law and for construction of federal statute limitations filed by plaintiff United States
of America ("United States"); and (4) to dismiss for lack of jurisdiction by United
States.  For the reasons stated below, the court concludes that the United States's
claims are barred by the applicable statutes of limitations and that Dexter and Casita
are therefore entitled to summary judgment.

# I.  BACKGROUND

Casita, located in Rice, Texas, manufactures, sells, and services travel trailers. Amended Complaint ("Complaint") at 3 and ¶ 17.

Dexter, a wholly owned subsidiary of Tomkins PLC based in London, England, manufactures axles.  *Id.* at 3 and ¶ 21.

In the spring of 2002, Atmar Davis ("Davis") delivered his trailer to Casita in preparation for his round trip road trip from Newton, Texas, to Alaska.  *Id.* ¶¶ 1, 14. Davis was the third owner of this trailer, having purchased it from the estate of an elderly couple in 2000.  Casita's Memorandum in Support of its Motion for Summary Judgment ("Casita Motion") at 2.  The trailer was a 16 foot travel trailer manufactured by Casita in 1993 with a #9 Torflex 2,200 pound axle manufactured by Dexter ("the Dexter axle").  Complaint at 3 and ¶¶ 1-3, 23.  At some point after he purchased the trailer, Davis bought 14 inch tires from Casita and replaced the trailer's original 13 inch tires himself.  Casita Motion at 3.

On or about May 9, 2002, Davis retrieved his trailer from Casita.  Complaint ¶ 34.  Davis and his wife subsequently left Newton, Texas on their trip to Alaska towing the trailer behind a Chevrolet Suburban.  *Id.* ¶ 35.  On June 30, 2002, on the Davis's trip back from Alaska to Texas, while driving south on United States Highway 191 through the Ashley National Forest in Utah, the trailer's right rear wheel assembly, including a portion of the Dexter axle, overheated and disengaged.  *Id.*

- 2 -

¶¶ 36, 38.  Davis was unable to stop his vehicle and continued to drag the trailer, causing sparks to fly into dry grass and igniting fires.  Complaint ¶ 38.  The right rear wheel assembly rolled into grass and brush, igniting a fire which quickly spread and covered several hundred acres.  *Id.* ¶ 37.  Additional portions of the trailer's right rear and other hot fragments scattered along the highway, causing additional fires.  *Id.* ¶ 39.  Davis stopped his vehicle and the trailer, unsuccessfully attempted to extinguish the fires, and called for fire assistance.  *Id.* ¶ 40.

The United States Forest Service, Bureau of Land Management, and other firefighting agencies responded to the fire, known as the Mustang Fire.  *Id.* ¶ 41.  At the time, the Ashley National Forest was experiencing the fourth year of what was ultimately a five year drought.  *Id.* ¶ 42.  By the time the Mustang Fire was finally extinguished on July 26, 2002, 20,038 acres of land -- owned variously by private individuals, the State of Utah, the Bureau of Lands Management, and National Forest Systems -- had burned.  *Id.* ¶ 43.  The Mustang Fire cost the United States Forest Service over $3.8 million in fire suppression and rehabilitation costs.  *Id.* ¶ 45.

On June 13, 2006, the United States filed this case against Casita and Davis. The case was assigned to the Honorable Jane J. Boyle.[*]  In a memorandum order dated October 6, 2006, Judge Boyle denied Casita's motion to dismiss the United States's claims against it.  *See generally* Memorandum Order dated October 6, 2006

---

[*]   Judge Boyle's memorandum order of October 6, 2006 contains the relevant facts of this case.

("Memorandum Opinion"), Docket Entry 18, 3:06-CV-1047-G.  In its motion to dismiss, Casita had asserted that the United States could not recover the costs of suppressing the Mustang Fire in the absence of explicit statutory authority allowing it to do so.  *Id*. at 4.  Judge Boyle held that "the United States ha[d] sufficiently pleaded that the Ashley National Forest is part of the National Forest System and that federal ownership of the forest may be rationally inferred from that relation."  *Id*. at 8.

Casita also moved to dismiss on the ground that United States's claims were barred by statutes of limitations.  *Id*.  The Mustang Fire ignited on June 30, 2002, and the United States filed its lawsuit nearly four years later on June 13, 2006.  Casita first asserted that the statute of limitations for products liability actions in Texas and Utah is two years.  *Id*.  Under these statutes, Casita maintained that the claims against it would be prohibited.  *Id*.  Judge Boyle, on the other hand, ruled that "[t]he United States, however, is generally not bound by state statutes of limitations when enforcing its rights."  *Id*. at 9.  Alternatively, Casita argued that United States's claims were barred by 28 U.S.C. § 2415(b) ("§ 2415(b)"), the general federal statute granting the United States three years to file actions sounding in tort.  *Id*.  The United States, on the other hand, averred that § 2415(b) also provides that "an action to recover damages resulting from fire to [lands of the United States] . . . may be brought within six years after the right of action accrues[.]"  *Id*. at 9-10.  Casita maintained that this portion of § 2415(b) did not apply because the complaint only

- 4 -

stated that the United States "managed" as opposed to "owned" the lands in question. *Id*. at 10. Judge Boyle ruled that "the question of true ownership can be taken up in discovery." *Id*.

Even if the six-year limitations period applied, Casita argued, this period would not apply to any attempt by the United States to recover for damages sustained by private or State of Utah lands. *Id*. Judge Boyle held that "the six-year limitations period of § 2415(b) applies to the extent that the United States is alleging that the Mustang Fire caused physical damage to lands of the United States." *Id*. Judge Boyle further held the following:

> Of course the United States also seeks to recover its costs of suppressing the Fire. The question thus arises as to whether the six-year limitations period should apply to the United States's claim to recover its fire suppression costs if its suppression activities successfully worked to *prevent* physical damage from occurring on federal soil. On its face, the statute would not appear to apply in such a situation because there would be no damage to United States lands. Nevertheless, given that this case is still in its early stages and that the extent to which the United States seeks to hold Casita liable for anything other than damage to federal lands is, as yet, unclear, dismissal at this juncture would be inappropriate. Casita may re-urge its limitations argument after the factual record has become more developed, perhaps on summary judgment.

*Id*. at 10-11 (emphasis in the original).

Casita moved to dismiss the claims against it because the Mustang Fire was not a foreseeable consequence of its alleged failure to properly design or service the trailer

in question.  *Id*. at 11.  Judge Boyle refused to rule on the foreseeability issue in the absence of a factual record but stated that Casita could move for summary judgment on that basis if, after appropriate discovery, Casita continued to believe that the injury suffered by the United States was not foreseeable as a matter of law.  *Id*. at 12. Judge Boyle also refused to dismiss the United States's negligence claim, as she deemed it premature to do so.  *Id*. at 13.

On March 20, 2007, the parties dismissed Davis from this case.  On April 2, 2007, the United States amended its complaint and added Dexter as a defendant, alleging that Casita and Dexter are jointly and severally liable for $3.8 million in fire suppression costs.  Complaint at 16-17.  The United States brought claims against Casita pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, the Texas Civil Practice and Remedies Code § 82.000, *et seq.* ("V.T.C.A."), and the Utah Product Liability Act ("UPLA"), UT ST § 78-15-1, *et seq.*, as well as for negligence in the manufacture and/or service of the Casita trailer.  *Id.* at 11.  The United States contends that Casita knew or should have known that Davis would transport the trailer for camping in national parks and that items associated with such a trip would exceed 500 pounds.  *Id.* ¶¶ 49-51.  The United States further maintains that Casita knew or should have known that the intended use of the trailer would exceed the capacity of the Dexter axle and cause the axle to break.  *Id.* ¶¶ 51-53.  The United States brought claims against Dexter pursuant to the FDCPA, the

VTCA, the UPLA, as well as for negligence in the manufacture and/or design of the Dexter axle.  *Id.* at 13.  The United States contends that Dexter and Casita knew or should have known that the use of 14 inch wheel hubs and 14 inch tires in combination with the Dexter axle on a 16 foot trailer was unsafe.  *Id.* ¶ 30.  The United States brought also brought strict liability claims against Casita and Dexter pursuant to Utah statute 65A-3-4 for causing the Mustang Fire and argues that they are responsible for the fire suppression costs.  *Id.* ¶¶ 70-74.

On September 24, 2007, Judge Boyle recused herself from this case, and the case was reassigned to the undersigned.  Casita now moves for summary judgment of the United States's claims against it on the following grounds:  the alleged defects are not the cause-in-fact of the axle breakage and other causes of the breakage have not been eliminated; the United States has failed to state a manufacturing defect claim; the trailer was not designed or manufactures with 14 inch tires so this fact cannot serve as the basis of liability against Casita; the injury was not foreseeable; and limitations bars all or part of the fire suppression cost claim.  Casita Motion at 2.

Adopting the arguments set forth by Casita, Dexter moves for summary judgment of the United States's claims against it on the following grounds:  the claims are barred by the applicable statute of limitations; it was not reasonably foreseeable that the design and manufacture of the Dexter axle would result in a 20,000 acre forest fire; the United States has not provided necessary evidence of

causation; and the scientific theories advanced by United States's expert Tom Truss are not scientifically founded.  Dexter Axle Company's Brief in Support of Motion for Summary Judgment at 1, 3.

## II.  STATUTE OF LIMITATIONS

The United States has alleged strict liability for the fire suppression costs under Utah law.  Memorandum of Points and Authorities in Support of Motion for Determination of Applicable State Law and for Construction of Federal Statute of Limitations ("Motion for Applicable Law and Limitations") at 1.  The United States also brought negligence and product liability claims pursuant to the laws of Texas and Utah.  *Id.* at 1-2.  The United States contends that Utah law applies to the instant case "because it has the most substantial interests and relationships to the core issue of damages to and the protection of lands within the State from wildland fires without respect to whether the lands are private, state owned or federal."  *Id.* at 2.

Under Utah law, "[a]ny person responsible for the existence or spread of a wildland fire necessitating suppression action shall be liable for the payment of the costs of the suppression action."  UTAH CODE ANN. 1953 § 65A-3-4 ("§ 65A-3-4").  Title 65A is entitled "State Lands[,]" and Chapter 3 is entitled "Illegal Activities on State Lands[.]"  Casita and Dexter argue that the United States does not have standing to assert a claim under § 65A-3-4 because the statute does not create a private cause of action, and thus the United States should not permitted to bring a

lawsuit in Texas under § 65A-3-4.  Casita's Brief in Support of Its Response to the
United States' Motion for Determination of Applicable State Law and for
Construction of Federal Statute of Limitations ("Casita Response to Motion for
Applicable Law and Limitations") at 2-3, 14; Dexter Axle Company's Brief in
Response to Motion of the United States for Determination of Applicable State Law
and for Construction of Federal Statute of Limitations ("Dexter Response to Motion
for Applicable Law and Limitations") at 4.  Casita and Dexter also contend that
§ 65A-3-4 is not a strict liability statute.  Casita Response to Motion for Applicable
Law and Limitations at 14; Dexter Response to Motion for Applicable Law and
Limitations at 2.  The United States contends that it has standing to utilize state
statutes and the common law.  United States Reply to Defendants' Responses on
Determination of Applicable State Law and on Construction for Federal Statute of
Limitations ("Reply to Responses to Motion for Applicable Law and Limitations") at
2.

In Utah, state courts will generally not imply a private right of action based on
state law "absent some specific direction from the [Utah] Legislature."  *Broadbent v.
Board of Education of Cache County School District*, 910 P.2d 1274, 1278 (Utah Ct.
App.) (citing cases), *cert. denied*, 917 P.2d 556 (Utah 1996) (table).  Section 65A-3-4
was enacted as part of Utah's Trust Land Management Act of 1988, an act "relating
to state lands."  Excerpts from Legislative History Regarding Trust Land Management

Act at 21-26, *attached to* Appendix to Casita's Response to the United States' Motion for Determination of Applicable State Law and for Construction of Federal Statute of Limitations ("Casita Appendix to Casita Response to Motion for Applicable Law and Limitations").

Under Utah law, the [Utah Division of Forestry, Fire and State Lands] is the executive authority for the management of sovereign lands, . . . and shall provide for forestry and fire control activities as required in Section 65A-8-101.  UTAH CODE ANN. 1953 § 65A-1-4(1)(b).  Under Section 65A-8-101, the Utah Division of Forestry, Fire and State Lands has the following authority:

> (1)  The division shall determine and execute the best method for protecting private and public property by:
>
> (a) except as provided by Subsection (1)(e), preventing the origin and spread of fire on nonfederal forest, range, or watershed land in an unincorporated area of the state;
>
> (b) protecting a nonfederal forest or watershed area using conservation principles;
>
> (c) encouraging a private landowner to preserve, protect, and manage forest or other land throughout the state;
>
> (d) taking action the division considers appropriate to control wildland fire and protect life and property on the nonfederal forest, range, or watershed land within an unincorporated area of the state; and
>
> (e) implementing a limited fire suppression strategy, including allowing a fire to burn with limited or modified

suppression, if the division determines that the strategy is
appropriate for a specific area or circumstance.

(2)  The division may:

(a) enter into an agreement with a public or private
agency or individual:

(i) for the purpose of protecting, managing, or
rehabilitating land owned or managed by the agency or
individual; and

(ii) establishing a predetermined fire
suppression plan, including a limited fire suppression
strategy, for a specific fire management area; and

(b) enter into a reciprocal agreement with a fire
protection organization, including a federal agency, to
provide fire protection for land and an improvement for
which the organization normally provides fire protection.

*Id.*

On March 6, 2002, the Utah Division of Forestry, Fire and State Lands

entered into a Cooperative Fire Management Agreement ("the Agreement") with the

United States.  *See generally* Cooperative Fire Management Agreement, *attached to*

Casita Appendix to Casita Response to Motion for Applicable Law and Limitations at

2-18.  Under the Agreement,

To the extent that the cost of fire suppression on state land
incurred by Federal Agencies will not reimbursed by the
State pursuant to any provision of this agreement, the
United States shall be subrogated to and be entitled to all
rights and remedies which the State would have had to
collect such suppression costs pursuant to State law,
including but not limited to U.C.A. 65-3-4, from the

- 11 -

person or persons responsible for the existence or spread of
a fire requiring suppression action.  If requested by the
United States, the State shall transfer to the United States
all rights and remedies against any entity necessary in order
to perfect this right of subrogation.

*Id*. at 7.

Even if § 65A-3-4 did not create a private right of action, the United States
could, under the Agreement, pursue collection of fire suppression costs from any
party responsible for the Mustang Fire.  However, it did not do so in this case within
the time period prescribed by law.

Casita and the United States agree that the applicable limitations period is
found in 28 U.S.C. § 2415(b).  Casita Response to Motion for Applicable Law and
Limitations at 19.  Casita argues that United States's claims are barred by 28 U.S.C.
§ 2415(b), the general federal statute granting the United States three years to file
actions sounding in tort.  Casita Response to Motion for Applicable Law and
Limitations at 19, 22.  The United States, on the other hand, maintains that 28
U.S.C. § 2415(b) also provides that "an action to recover damages resulting from fire
to [lands of the United States] . . . may be brought within six years after the right of
action accrues[.]"  Motion for Applicable Law and Limitations at 20-26.

When this case was pending before Judge Boyle, Casita argued that even if the
six-year limitations period applied to the United States's claim for fire damages to
*federal* lands, this period would not apply to any attempt by the United States to

recover for damages sustained by private or State of Utah lands.  As previously stated,

Judge Boyle held that "the six-year limitations period of § 2415(b) applies to the

extent that the United States is alleging that the Mustang Fire caused physical

damage to lands of the United States."  Memorandum Opinion at 10.  Judge Boyle

also held that § 2415(b) would not appear to apply if there was not damage to United

States lands.  *Id.* at 10-11.  Casita now re-urges that § 2415(b)'s six year limitations

exception not only applies exclusively to land owned by the United States but also

bars recovery of fire suppression costs, as these costs are not damages to the land.

Casita Response to Motion for Applicable Law and Limitations at 22; *see also* Dexter

Response to Motion for Applicable Law and Limitations at 14.  The United States

seeks both fire suppression and forest rehabilitation costs.  Approximately eighty

percent of its damages are fire suppression costs.  Casita Response to Motion for

Applicable Law and Limitations at 22.  The United States contends that it is "a

landowner in Utah seeking to recover . . . its fire suppression costs."  Reply to

Responses to Motion for Applicable Law and Limitations at 2.  The United States

avers that the Mustang Fire was designated in 1968 as a National Recreation Area.

Reply to Responses to Motion for Applicable Law and Limitations at 7-8.  However,

the court cannot find evidence in the record that the land in question was owned by

the United States, so as to invoke application of the six year statute of limitations in

- 13 -

§ 2415(b).  Nor can it find evidence that the United States made a timely assertion, *i.e.*, within three years, of any rights it may have had under the Agreement.

Because the United States has not shown that it was suppressing a fire on its own land, its claim for damages is barred by the three year statute of limitations.

### III.  CONCLUSION

For the reasons stated, the United States's claims are barred by the applicable statutes of limitations.  Judgment will be entered for the defendants.

**SO ORDERED**.

August 29, 2008.

A. JOE FISH
**Senior United States District Judge**